# In the United States Court of Federal Claims

No. 20-524C
(Filed: September 8, 2020)
**NOT FOR PUBLICATION**

| | |
|---|---|
| JAY HYMAS, d/b/a DOSEMAN FARMS, Plaintiff, v. THE UNITED STATES, Defendant. | *Pro Se* Plaintiff; 28 U.S.C. § 1500. |

**ORDER DISMISSING CASE**

Pending before the court is the motion to dismiss filed by defendant the United States ("the government"). Def.'s Mot., ECF No. 8. The government argues that *pro se* plaintiff Jay Hymas's complaint must be dismissed for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim under Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims. *Id.* at 1. For the reasons discussed below, the government's motion is **GRANTED**, and Mr. Hymas's complaint is **DISMISSED** for lack of subject matter jurisdiction.

In his complaint filed on April 20, 2020, Mr. Hymas alleges that the United States Department of the Interior's ("DOI") Fish and Wildlife Service ("Service") violated federal procurement law when the Service failed to publicly post "hundreds" of

Cooperative Agricultural Agreements ("CAAs") "entered into yearly by the DOI." Compl. at 3, ECF No. 1.  CAAs are cooperative agreements entered into between the Service and farmers "to promote the farming of crops beneficial to migratory birds and other wildlife."  Def.'s Mot. at 3.  The complaint seeks to enjoin the Service's award of CAAs "for 2020," and demands a declaration that CAAs are "unlawful."  Compl. at 3-4.

About two months before filing the pending action in this court, Mr. Hymas filed an action in the United States District Court for the Eastern District of Washington. *Hymas v. U.S. Dep't of Interior*, No. 4:20-cv-5036 (Compl. filed Feb. 25, 2020).  The case before the Eastern District of Washington similarly alleges that DOI violated federal procurement law in connection with CAAs.  For example, the Eastern District of Washington complaint asserts that "DOI does nothing to make the leasing or use of its hundreds of thousands of acres of farm land leased to private entities [under CAAs] compliant with any contracting or financial assistance law" and that "all federal [procurement] law requiring competition and noticing" regarding CAAs "is being violated."  *Id.*, Compl. at 1 ("E.D. Wash. Compl.").  The Eastern District of Washington complaint, like the complaint in this case, seeks to enjoin the Service's award of cooperative agreements "for 2020 and future years" and requests a declaration that the Service lacks "lawful authority to contract third parties to produce food for wildlife."  *Id.* at 3.  Mr. Hymas acknowledges in his complaint here that he earlier filed the pending Eastern District of Washington complaint, apparently as a protective measure in the event

that this court determined it did not have bid protest jurisdiction over this case.[1]  *See* Compl. at 2.

On June 19, 2020, the government moved to dismiss Mr. Hymas's case in this court arguing, inter alia, that Mr. Hymas's claims are barred by 28 U.S.C. § 1500, which precludes this court's jurisdiction over "any claim for or in respect to which the plaintiff . . . has pending in any other court."  Because Mr. Hymas filed an earlier, similar action in the Eastern District of Washington, the government argues, § 1500 bars his claims here.  Def.'s Mot. at 9-12.

In his July 28, 2020[2] response, Mr. Hymas does not directly address the government's § 1500 argument and does not dispute that he filed a similar complaint in the Eastern District of Washington.  *See* Resp. at 8.  Instead, Mr. Hymas appears to concede that "[d]efendant could be correct in its [§ 1500] arguments."  *Id.*  Mr. Hymas also states that he filed his complaint in this court in the event it was determined that jurisdiction over his claims "would lie with this court and not the [Eastern District of

---

[1] Mr. Hymas has previously brought repeated challenges regarding the Service's award of cooperative farming agreements ("CFAs").  *See Hymas v. United States*, 141 Fed. Cl. 144, 153-54 (2018) (cataloging Mr. Hymas's litigation between 2013 and 2018).  The Federal Circuit has previously determined that CFAs are not procurement contracts and are thus beyond this court's bid protest jurisdiction.  *Hymas v. United States*, 810 F.3d 1312, 1328 (Fed. Cir. 2016), *cert. denied*, 137 S. Ct. 2196 (2017).  Although according to the government CFAs are generally the same as CAAs, *see* Def.'s Mot. at 3, Mr. Hymas alleges that CAAs are a "new legal vehicle" that could be characterized as procurement contracts, Compl. at 2.

[2] Mr. Hymas's response was due July 17, 2020, but is dated July 18, 2020 and was not received by the court until July 28, 2020.  Nevertheless, the court will consider the late-filed response.

Washington] District Court." *Id.* at 2. Mr. Hymas then contends that more factual information is needed to determine whether CAAs are "awards or procurement contracts" that fall under this court's bid protest jurisdiction. *Id.* at 8.

In reply, the government reiterates its argument that § 1500 bars Mr. Hymas's suit here because of the substantial similarities between the two cases. Reply at 2. Whether the court has bid protest jurisdiction over this action, the government argues, is a separate question from whether § 1500 bars Mr. Hymas's claims. *Id.*

Section 1500 provides that this court "shall not have jurisdiction of any claim for or in respect to which the plaintiff . . . has pending in any other court any suit . . . against the United States." Section 1500 bars a claim if "there is an earlier-filed suit or process pending in another court" and "the claims asserted in the earlier-filed case are for or in respect to the same claim(s) asserted in the later-filed Court of Federal Claims action." *Ministerio Roca Solida v. United States*, 778 F.3d 1351, 1353 (Fed. Cir. 2015) (quoting *Brandt v. United States*, 710 F.3d 1369, 1374 (Fed. Cir. 2013)). The Federal Circuit has instructed that "[w]hether an earlier-filed 'suit or process' is 'pending' for § 1500 purposes is determined at the time the complaint is filed with the Court of Federal Claims." *Brandt*, 710 F.3d at 1375. If so, the court must determine whether the claims are the same. The later-filed case in the Court of Federal Claims must be dismissed if it is "based on substantially the same operative facts" as the earlier-filed case. *Acetris Health, LLC v. United States*, 949 F.3d 719, 728-29 (Fed. Cir. 2020) (quoting *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 317 (2011)). That is, if the two suits "arise out of one and the same act," or "if the same evidence supports and establishes

4

both the present and the former cause of action," then the "Claims Court suit will be barred by section 1500." *Id.* (internal quotation marks, citations, and alterations omitted).

Applying these standards, the court must dismiss Mr. Hymas's case under § 1500. Mr. Hymas filed his still-pending February 25, 2020 complaint in the Eastern District of Washington before he filed his April 20, 2020 complaint here. Mr. Hymas's Eastern District of Washington case was therefore "pending" when he filed this case in this court. *Brandt*, 710 F.3d at 1375.

In addition, both the earlier-filed Eastern District of Washington case and this case "are based on substantially the same operative facts." *Acetris Health*, 949 F.3d 728-29. In both complaints, Mr. Hymas challenges DOI's failure to post 2020 CAA opportunities publicly as a violation of procurement law. *Compare* Compl. at 3 ("no [2020 CAA] opportunities are posted at any of the government required websites (grants.gov, fbo.gov, USAspending.gov, etc.)"), *with* E.D. Wash. Compl. at 1-2 ("The Federal Grant and Cooperative Agreement Act (FGCAA) and the Competition in Contracting Act (CICA) require noticing at www.grants.gov and www.fbo.gov, respectively. Currently there are no notice of any opportunities for farming on [Service] land."); *see also* Def.'s Mot. at 10-11 (listing other similarities). Both complaints further allege that DOI's cooperative agreement policy is unlawful. *Compare* Compl. at 3 ("The [Service] has merely returned to its original sin of acquir[ing] farming services for the direct benefit or use of the United States Government." (quotation marks omitted)), *with* E.D. Wash. Compl. at 2 (arguing that the Serivce may not use the FGCAA "to contract third parties to farm DOI land"). In fact, Mr. Hymas's complaint here acknowledges that he filed an earlier,

substantially similar suit in the Eastern District of Washington, challenging the same process for awarding CAAs for 2020, in the event that the Eastern District of Washington court and not this one had jurisdiction over his claims.  Compl. at 2; Resp. at 2.  As such, the court must conclude that Mr. Hymas's later-filed suit here is barred under § 1500.

Because at the time Mr. Hymas filed his suit in this court an earlier-filed suit was pending regarding the same operative facts, this court's jurisdiction is barred by 28 U.S.C. § 1500.[3]  The government's motion to dismiss, ECF No. 8, is **GRANTED** and the complaint is **DISMISSED** for lack of subject matter jurisdiction.  Because the court does not have subject matter jurisdiction to consider Mr. Hymas's claims, Mr. Hymas's motion for default judgment, ECF No. 7, is **DENIED AS MOOT.**  Mr. Hymas's motion to proceed in forma pauperis, ECF No. 2, is **GRANTED** for the limited purposes of this order.  The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

s/*Nancy B. Firestone*
NANCY B. FIRESTONE
Senior Judge

---

[3] The court has no occasion to reach the government's other arguments that the court does not have bid protest jurisdiction over CAAs, that Mr. Hymas's complaint is untimely, that Mr. Hymas lacks standing to bring a bid protest suit, and that the court otherwise lacks jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a).  *See* Def.'s Mot. at 12-18.

6